UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONARCH SHIPPING AGENCY, INC.,

        Plaintiff,                                  3:01CV1395 (WWE)

- against -

FREDDY ARIAS CARTAGENA,                 MARCH 11, 2005
d/b/a RIVAS HAUL ARIAS SHIPPING,

        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL

**I. FACTS**

On July 20, 2001, Monarch Shipping Agency Inc. ("Monarch") sued Freddy Arias Cartagena d/b/a/ Rivas Haul Arias Shipping ("Arias") claiming that Arias had failed to pay Monarch approximately $53,000 in shipping fees. Arias did ship a large number of used cars to the Dominican Republic through Monarch, but asserts the affirmative defense of accord and satisfaction.

To date, the only documents produced by Monarch in this case are a summary, apparently made for purposes of this litigation, summarizing certain charges for particular cars, and printouts purporting to be unpaid invoices. Arias has produced documentation of payment totaling significantly more than the amount allegedly due. Despite numerous efforts over a period of several months to get further disclosure from Monarch informally, as directed by the Court, Monarch produced no further documents. See Affidavit of Attorney Alexandra McHugh attached hereto ("Affidavit") at paragraphs 6-11 and Exhibits A through D. Likewise, despite a string

of efforts by counsel for Arias to obey the Court's directive to confer on a modified joint discovery schedule, Monarch did not participate in any way. See Affidavit at paragraphs 12-16 and Exhibits E and F. Most egregiously, Monarch has made no effort at all to respond to interrogatories and requests for production of documents served under Federal Rules 33 and 34 on January 11, 2005. See Affidavit at paragraphs 17-20 and Exhibit G. Despite further follow up efforts by counsel to Arias, Monarch has remained completely silent. See Affidavit at paragraphs 17-20 and Exhibit H. This failure to produce documents has forced Arias to postpone its deposition of Monarch twice. See Affidavit at paragraphs 24-26 and Exhibits J through L. Moreover, Monarch has failed to abide by the scheduling order entered February 15, 2005 to produce its damages analysis by March 1, 2005. Monarch has made no such disclosure and has offered no explanation for its inaction. See Affidavit at paragraph 26 and Exhibit I.

Given that there is limited time for discovery and this trial scheduled to be heard in June, Arias maintains that he has been and will continue to be severely prejudiced by plaintiff Monarch's non-participation in this case, particularly by its failure to respond at all to interrogatories and requests for production of documents. See Affidavit at paragraphs 27-29.

## II. LEGAL STANDARDS

Defendant Arias seeks dismissal of Monarch's action under any of 3 different sections of the Federal Rules: Rule 41(b) for Monarch's failure to prosecute its case;

Rule 37(d) for Monarch's failure to respond to discovery requests; and 37(b)(2)(C) for failure to abide by court-imposed deadlines set pursuant to Rule 26(f).

### A. Dismissal Under Rule 41(b)

Federal Rule 41(b) provides for dismissal for failure to prosecute a case:

> For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

Fed. R. Civ. P. 41(b). "The failure to provide discovery, or to comply with a court's discovery orders, is itself a failure to prosecute an action diligently." The J.M. Cleminshaw Co. v. City of Norwich, 93 F.R.D. 338, 355, 1981 U.S. Dist. LEXIS 16963 (D. Conn. 1981).

### B. Dismissal Under Rule 37(d)

Under Rule 37(d), the court may dismiss an action for a party's failure to serve answers or objections to interrogatories or requests for production served under Federal Rules 33 and 34. Rule 37(d) states in relevant part:

> If a party...fails...(2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d). Sanctions provided for in Federal Rule 37(b)(2)(C) include dismissal. Fed. R. Civ. P. 37(b)(2)(C). Rule 37(d) may not be invoked for anything less than a serious or total failure to respond to interrogatories or requests for

production. Cleminshaw, 93 F.R.D. at 345 (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2285 (1970 ed.) (internal quotation marks omitted).

### C. Dismissal Under Rule 37(b)(2)(C)

The Court may impose sanctions, including dismissal, under Rule 37(b)(2)(C) for the failure of any party to adhere to deadlines established by the court pursuant to Rule 26(f). Cleminshaw, 93 F.R.D. at 359.

### III. ANALYSIS

As detailed in the accompanying affidavit, Monarch has displayed a consistent pattern since February of 2004 of non-cooperation with the Court and opposing counsel and non-compliance with its obligations under the Federal Rules and its duty to obey orders of the Court. Monarch did not comply with the Court's directive to engage in informal discovery. See Affidavit at paragraphs 6-11 and Exhibits A through D. Monarch did not comply with the Court's directive or its obligations under Federal Rule 26(f) to participate in the creation of a modified joint scheduling order. See Affidavit at paragraphs 12-16 and Exhibits E and F. Monarch did not obey the scheduling order to produce a damages analysis by March 1, 2005. See Affidavit at paragraphs 21-23 and Exhibit I. Monarch consistently failed to respond to efforts by counsel for Arias to move this case forward without Court intervention. See Affidavit at paragraphs 20, 24-26, and accompanying Exhibits. Monarch did not make any response to properly served discovery requests. See Affidavit at paragraphs 17-20 and Exhibits G and H.

Standing alone, Monarch's total failure to respond to Arias' Interrogatories and Requests for Production would be sufficiently serious to warrant dismissal of the case under either Rule 41(b) or Rule 37(d) or both. Rule 41(b) authorizes dismissal of a case where the plaintiff fails "to prosecute or comply with these rules or any order of court." Monarch has failed to prosecute, failed to comply with the federal rules and failed to comply with an order of the court. Rule 37(d) authorizes dismissal of a case where a party completely fails to serve answers or objections to interrogatories or requests for production served under Federal Rules 33 and 34, as Monarch has.

Taking all of Monarch's acts of non-compliance together, it is apparent that Monarch is unwilling or unable to prosecute its claim against Arias.

## IV.     CONCLUSION

For all of the foregoing reasons, including the prejudice to Arias' ability to defend himself and Monarch's consistent unwillingness to prosecute its case against Arias, dismissal of this action would be appropriate and fair under any or all of Federal Rules 41(b), 37(d) and 37(b)(2)(C).

DEFENDANT,
FREDDY ARIAS CARTAGENA
D/B/A RIVAS HAUL ARIAS SHIPPING,


By: /s/ Alexandra M. McHugh
Alexandra M. McHugh
Fed. Bar No. ct22428
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000
(860) 251-5219 (fax)
amchugh@goodwin.com
His Attorney