UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONARCH SHIPPING AGENCY, INC.,

          Plaintiff,                         3:01CV1395 (WWE)

- against -

FREDDY ARIAS CARTAGENA,              MARCH 11, 2005
d/b/a RIVAS HAUL ARIAS SHIPPING,

          Defendant.

## AFFIDAVIT OF ATTORNEY ALEXANDRA M. MCHUGH IN SUPPORT OF DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL

I, Attorney Alexandra M. McHugh, do hereby depose and state:

1. I am above the age of eighteen and believe in the obligation of an oath.

2. I was appointed by this Court as pro bono counsel to the defendant in this matter, Freddy Arias Cartagena ("Mr. Arias") on December 17, 2003.

3. Plaintiff Monarch Shipping Agency, Inc. ("Monarch") whose principal is Richard Kennedy, is represented by Attorney Frederick Lovejoy.

4. Monarch has sued Mr. Arias for breach of contract.

5. Since December of 2003, I have spent over 50 hours pro bono in preparing Mr. Arias' defense to Monarch's claim.

### Monarch's Non-Cooperation with Informal Discovery

6. At a status conference by telephone February 27, 2004, the Court directed the parties to engage in informal discovery.

7. On April 1, 2004, I wrote to Attorney Lovejoy to follow up on my verbal request for documents. See Exhibit A.

8. I wrote again on May 4, 2004, including a copy of the April 1 request. See Exhibit B.

9.   I did not receive a written response to either letter and no documents were produced.

10.   On October 11, 2004, I wrote again, requesting the same informal discovery and disclosing the existence of a new fact witness, Juan Alimonte. See Exhibit C.

11.   On November 9, 2004, I made a supplemental Rule 26(a) production of approximately one inch of documents. See Cover Letter to Supplemental Production, Exhibit D.

**Monarch's Non-Cooperation on Joint Scheduling Order**

12.   At the October 21, 2004 status conference, the parties were asked to come up with a joint scheduling order updating the Rule 26(f) report within one week.

13.   I drafted a proposed order and sent it to Attorney Lovejoy for review on October 25, 2004. See Exhibit E.

14.   Despite several one-sided attempts to confer on the scheduling order, Attorney Lovejoy never responded. See, e-mails of December 3rd (referencing a Nov. 9th attempt), December 7th, January 10th and January 28th, together at Exhibit F.

15.   At the January 4, 2005, telephone status conference, Attorney Lovejoy explained that he had been having difficulty contacting his client.

16.   On February 7, 2005, I filed the scheduling order without input from Monarch.

**Monarch's Total Failure to Respond to Interrogatories and Requests for Production**

17.   On January 11, 2005, I served interrogatories and requests for production on Monarch's counsel pursuant to Federal Rules 33 and 34. See Exhibit G.

18.   Having received no communication of any sort from Attorney Lovejoy concerning the discovery requests, I mailed and faxed him a letter on February 16, noting that Monarch's interrogatory responses and document production were past due and warning that I would seek the Court's intervention if necessary. See Exhibit H.

19.   I have received no response of any kind to the February 16th letter.

20.   Monarch has completely failed to make any response at all to defendant's discovery requests.

### Monarch's Failure to Comply With Court-Ordered Discovery Schedule

21. The Supplemental Scheduling Order, dated February 7, 2005, and ordered by the Court on February 15, 2005, requires "A damage analysis will be provided by any party who has a claim or counterclaim for damages by March 1, 2005." See Scheduling Order, A8, Exhibit I.

22. Monarch is asserting a breach of contract claim for damages.

23. Monarch has failed to provide an analysis of its damages and has not given any explanation for its failure to comply with the scheduling order.

### Monarch's Non-Cooperation Prejudices Arias

24. On January 25, 2005, I noticed the deposition of a Monarch corporate representative. See Exhibit J.

25. On February 18th, because of Monarch's failure to respond to the defendant's interrogatories and document requests, I was obliged to postpone the deposition. See Exhibit K.

26. On March 4, 2005, I was again obliged to postpone the Monarch deposition because of Monarch's failure to fulfill its discovery obligations. See Exhibit L.

27. Mr. Arias' defense, including his ability to adequately depose the plaintiff, requires the information reasonably requested of Monarch in the discovery requests.

28. Mr. Arias' defense requires that Monarch make its damages analysis available to the defendants.

29. Mr. Arias' defense will not be ready for trial, as scheduled, on June 14, 2005, without the requested discovery and scheduling compliance and cooperation of Monarch.

### Certification

30. As detailed above, I certify that I have made good faith efforts to confer with counsel for Monarch to resolve all disputes, including discovery disputes, without Court intervention.

_____
Alexandra M. McHugh, Esq.


Subscribed and sworn to before me
this  11th  day of March, 2005.


_____
NOTARY PUBLIC

My Commission Expires:

CATHY L. HONOROWSKI
NOTARY PUBLIC
My Commission Expires 8/31/2005

396647 v.01

- 4 -