# EXHIBIT H



**Shipman & Goodwin** LLP®
COUNSELORS AT LAW

One Constitution Plaza
Hartford, Connecticut 06103-1919
Phone: (860) 251-5000

Alexandra M. McHugh
Phone: (860) 251-5921
Fax: (860) 251-5219
amchugh@goodwin.com

February 16, 2005

**VIA FACSIMILE AND U.S. MAIL**

Frederick A. Lovejoy, Esq.
P.O. Box 56
Easton, CT 06612

    Re:  <u>Monarch Shipping Agency, Inc. v. Freddy Arias Cartagena, d/b/a Rivas
        Haul Arias Shipping: 3:01 CV 1395 (WWE)</u>

Dear Fred:

  Monarch's interrogatory responses and document production were due
February 11. I have heard and received nothing from you. Kindly produce the
interrogatory responses and requested document production immediately. The deposition
of Monarch's as-yet undesignated corporate representative has been noticed for this
Monday, February 21. Monarch's lack of cooperation may require a postponement until
the responses and documents are received and reviewed.

  Given the lack of communication and cooperation I have experienced just trying
to file a joint scheduling order, please be advised that I will promptly move the Court to
compel discovery, if necessary.

         Sincerely,

         *Alex McHugh*

         Alexandra M. McHugh

AMM/dlh
298673 v.03

cc:  Freddy Arias Cartagena

Hartford      Stamford      Lakeville      Greenwich

# EXHIBIT I

**McHugh, Alexandra**

| | |
|---|---|
| **From:** | CMECF@ctd.uscourts.gov |
| **Sent:** | Wednesday, February 16, 2005 12:01 AM |
| **To:** | CMECF@ctd.uscourts.gov |
| **Subject:** | Summary of ECF Activity |

**Activity has occurred in the following cases:**

**3:00-cv-01831-AWT Bruce, et al v. Motiva Enterprises**
**Answer to Amended Complaint   92**

**Docket Text:**
ANSWER to Second Amended Complaint with affirmative defenses by Motiva Enterprises LLC.
(Gothers, M.)

**3:00-cv-01831-AWT Bruce, et al v. Motiva Enterprises**
**Motion for Summary Judgment   93**

**Docket Text:**
MOTION for Summary Judgment by Motiva Enterprises LLC.Responses due by 3/7/2005
(Attachments: # (1) memo of law in support# (2) local statement# (3) 56 a 2# (4) Affidavit Kuschman)
(Gothers, M.)

**3:01-cv-01395-WWE Monarch Shipping v. Cartagena**
**Scheduling Order   44**

**Docket Text:**
SCHEDULING ORDER: Discovery due by 5/15/2005. Dispositive Motions due by 5/31/2005.
Proposed Pretrial Order due by 6/10/2005. Trial Ready Date 6/14/2005. THIS E-FILED ORDER IS
THE ONLY NOTICE COUNSEL WILL RECEIVE. Signed by Judge Warren W. Eginton on
2/15/2005. (O'Brasky, N.)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

MONARCH SHIPPING AGENCY, INC.,

Plaintiff,

- against -

FREDDY ARIAS CARTAGENA,
d/b/a RIVAS HAUL ARIAS SHIPPING,

Defendant.

2005 FEB -8 P 12: 26
3:01CV1395 (WWE)
U.S. DISTRICT COURT
BRIDGEPORT, CONN

FEBRUARY 7, 2005

## SUPPLEMENTAL DISCOVERY SCHEDULING ORDER

The Court has twice asked the parties to jointly submit a proposed supplemental discovery scheduling order to supplement their October 2, 2002 26(f) Report. The undersigned pro bono counsel for defendant Arias has been unable to get cooperation on this proposed scheduling order from the Plaintiff. Defendant therefore submits this proposed order solely on behalf of Defendant Arias.

A.    Discovery

1.    Discovery will be needed on the following subjects:

On all liability and damages issues relevant herein.

2.    Discovery will commence on December 1, 2004 and will be completed by May 15, 2005.

3.    Defendant will request permission pursuant to L. Rule 83.10(f) for approval of expenses for all discovery-related costs (including translation costs).

4.    Defendant anticipates that the Plaintiff Monarch Shipping Agency, Inc. ("Monarch") will require a total of five depositions of fact witnesses and Defendant Arias will require a total of

five depositions of fact witnesses.

5.    The parties may request permission to serve more than twenty-five (25) interrogatories.

6.    Plaintiff will designate any trial experts and provide opposing counsel with the reports of retained experts pursuant to Fed. R. Civ P. 26(a)(2) by March 1, 2005.  Depositions of any such experts will be completed by April 1, 2005.

7.    Defendant Arias does not anticipate at present calling an expert witness(es) at trial.  The Defendant will designate any trial expert(s) and provide opposing counsel with the reports of retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 1, 2005.  Depositions of any such experts will be completed by May 1, 2005.

8.    A damage analysis will be provided by any party who has a claim or counterclaim for damages by March 1, 2005.

B.    Dispositive Motions

Dispositive Motions will be filed on or before May 31, 2005.

C.    Joint Trial Memorandum

A joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed by June 10, 2005 or two weeks prior to the date the Court sets for trial, whichever is later.

D.    Trial Readiness

The case will be ready for trial within thirty (30) days after the Court rules on any

dispositive motions. If no dispositive motions are filed, the case will be ready for trial by

June 14, 2005.


                              DEFENDANT,
                              FREDDY ARIAS CARTAGENA
                              D/B/A RIVAS HAUL ARIAS SHIPPING,


                      By:     _Alexandra M McHugh_
                              Alexandra M. McHugh (CT22428)
                              Shipman & Goodwin LLP
                              One Constitution Plaza
                              Hartford, CT  06103-1919
                              (860) 251-5000
                              (860) 251-5219 (fax)
                              amchugh@goodwin.com
                              His Attorney

## **ORDER**

Defendant's Supplemental Discovery Scheduling Order, dated February 7, 2005, is

hereby:

**GRANTED / DENIED**

BY THE COURT,

_____

J. Eginton

## CERTIFICATION OF SERVICE

This is to certify that on this 7th day of February, 2005, a copy of the foregoing

Supplemental Discovery Scheduling Order was sent by facsimile and U.S. mail, postage

prepaid, to:

> Frederick Lovejoy, Esq.
> P.O. Box 56
> Easton, CT  06612


*Alexandra M. McHugh*
Alexandra M. McHugh

384697 v.03

- 5 -

# EXHIBIT J

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONARCH SHIPPING AGENCY, INC.,

Plaintiff,                          3:01CV1395 (WWE)

- against -

FREDDY ARIAS CARTAGENA,                JANUARY 25, 2005
d/b/a RIVAS HAUL ARIAS SHIPPING,

Defendant.

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(1)
and (6), the defendant, Freddy Arias Cartagena d/b/a Rivas Haul Arias Shipping ("Arias"),
will take the deposition upon oral examination of the person(s) most knowledgeable at
Monarch Shipping Agency, Inc., regarding the matters specified on **Schedule A,** attached
hereto, at **10:30 a.m. on Monday, February 21, 2005**, at the law offices of Shipman &
Goodwin LLP, One Constitution Plaza, 19th floor, Hartford, Connecticut 06103, before a
certified court reporter.  The deposition will continue from day to day until completed.  You
are invited to attend and cross-examine.

DEFENDANT,
FREDDY ARIAS CARTAGENA
D/B/A RIVAS HAUL ARIAS SHIPPING,

By:   *Alexandra M. McHugh*

Alexandra M. McHugh
Fed. Bar No. ct22428
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
(860) 251-5000
(860) 251-5219 (fax)
amchugh@goodwin.com
His Attorney

## SCHEDULE A

1.    Information on Monarch Shipping Agency's ("Monarch") record-keeping and billing practices from January 1, 2000 to July 1, 2001, including but not limited to, knowledge relating to methods, custom, information technology and processing, and billing and collection policies of Monarch.

2.    The basis for Monarch's calculation of damages, including but not limited to the information and methodology upon which such calculation was, is and/or likely will be based.

3.    The information upon which Peter Kennedy based his statement in his March 6, 2003 affidavit that the Defendant had shipped approximately 1,030 vehicles through Monarch.

4.    Any information or communications relating to any payment owed by and/or made by or for the Defendant to Monarch from January 1, 2000 to July 1, 2001, including but not limited to information concerning any and all invoices, payment records, internal Monarch communications, and correspondence thereon.

392631 v.01

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Notice of Deposition was sent via first

class mail, postage prepaid, this 25th day of January, 2005, to:

Frederick A. Lovejoy, Esq.
P.O. Box 56
Easton, CT  06612


_Alexandra M. McHugh_
Alexandra M. McHugh


392631 v.01

# EXHIBIT K

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONARCH SHIPPING AGENCY, INC.,

            Plaintiff,                       3:01CV1395 (WWE)

   - against -

FREDDY ARIAS CARTAGENA,               FEBRUARY 18, 2005
d/b/a RIVAS HAUL ARIAS SHIPPING,

            Defendant.

## RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(1) and (6), the defendant, Freddy Arias Cartagena d/b/a Rivas Haul Arias Shipping ("Arias"), will take the deposition upon oral examination of the person(s) most knowledgeable at Monarch Shipping Agency, Inc., regarding the matters specified on **Schedule A,** attached hereto, at **10:30 a.m. on Monday, March 7, 2005, instead of on February 21, 2005 as previously noticed,** at the law offices of Shipman & Goodwin LLP, One Constitution Plaza, 19th floor, Hartford, Connecticut 06103, before a certified court reporter. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

DEFENDANT,
FREDDY ARIAS CARTAGENA
D/B/A RIVAS HAUL ARIAS SHIPPING,

By: *Alexandra M. McHugh*
      Alexandra M. McHugh
      Fed. Bar No. ct22428
      Shipman & Goodwin LLP
      One Constitution Plaza
      Hartford, CT  06103-1919
      (860) 251-5000
      (860) 251-5219 (fax)
      amchugh@goodwin.com
      His Attorney

## SCHEDULE A

1.    Information on Monarch Shipping Agency's ("Monarch") record-keeping and billing

practices from January 1, 2000 to July 1, 2001, including but not limited to, knowledge

relating to methods, custom, information technology and processing, and billing and collection

policies of Monarch.


2.    The basis for Monarch's calculation of damages, including but not limited to the

information and methodology upon which such calculation was, is and/or likely will be based.


3.    The information upon which Peter Kennedy based his statement in his March 6, 2003

affidavit that the Defendant had shipped approximately 1,030 vehicles through Monarch.


4.    Any information or communications relating to any payment owed by and/or made by

or for the Defendant to Monarch from January 1, 2000 to July 1, 2001, including but not

limited to information concerning any and all invoices, payment records, internal Monarch

communications, and correspondence thereon.

## CERTIFICATE OF SERVICE

This is to certify that I caused a copy of the foregoing Re-Notice of Deposition to be

sent via facsimile and first class mail, postage prepaid, this 18th day of February, 2005, to:

Frederick A. Lovejoy, Esq.
P.O. Box 56
Easton, CT  06612


_Alexandra M McHugh_
Alexandra M. McHugh


392631 v.01 S4

- 4 -

# EXHIBIT L

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONARCH SHIPPING AGENCY, INC.,

                Plaintiff,                            3:01CV1395 (WWE)

    - against -

FREDDY ARIAS CARTAGENA,                   MARCH 4, 2005
d/b/a RIVAS HAUL ARIAS SHIPPING,

                Defendant.

## NOTICE OF POSTPONEMENT OF DEPOSITION

    PLEASE TAKE NOTICE that the deposition upon oral examination of the person(s)

most knowledgeable at Monarch Shipping Agency, Inc., regarding the matters specified on

Schedule A, attached hereto, and previously noticed pursuant to Federal Rules of Civil

Procedure 30(b)(1) and (6) by the Defendant for 10:30 a.m. on Monday, March 7, 2005, at the

law offices of Shipman & Goodwin LLP, One Constitution Plaza, 19th floor, Hartford,

Connecticut has been **postponed indefinitely** due to Monarch's failure to cooperate in

discovery. The Defendant will re-notice this deposition once Monarch has complied with its

discovery obligations.

DEFENDANT,
FREDDY ARIAS CARTAGENA
D/B/A RIVAS HAUL ARIAS SHIPPING,


By: *Alexandra M McHugh*
Alexandra M. McHugh
Fed. Bar No. ct22428
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000
(860) 251-5219 (fax)
amchugh@goodwin.com
His Attorney

## SCHEDULE A

1.    Information on Monarch Shipping Agency's ("Monarch") record-keeping and billing practices from January 1, 2000 to July 1, 2001, including but not limited to, knowledge relating to methods, custom, information technology and processing, and billing and collection policies of Monarch.

2.    The basis for Monarch's calculation of damages, including but not limited to the information and methodology upon which such calculation was, is and/or likely will be based.

3.    The information upon which Peter Kennedy based his statement in his March 6, 2003 affidavit that the Defendant had shipped approximately 1,030 vehicles through Monarch.

4.    Any information or communications relating to any payment owed by and/or made by or for the Defendant to Monarch from January 1, 2000 to July 1, 2001, including but not limited to information concerning any and all invoices, payment records, internal Monarch communications, and correspondence thereon.

## CERTIFICATE OF SERVICE

This is to certify that I sent a copy of the foregoing Notice of Postponement of

Deposition via facsimile, email and first class mail, postage prepaid, this 4th day of March,

2005, to:

Frederick A. Lovejoy, Esq.
P.O. Box 56
Easton, CT  06612


Alexandra M. McHugh
Alexandra M. McHugh


392631 v.01 S5